IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02375-BNB

JASON PECCI,

    Plaintiff,

v.

STEPHAN SCHAPANSKI, and
SHERLYN SAMPSON,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Jason Pecci, is a prisoner in the custody of the Colorado Department of Corrections at the Bent County Correctional Facility in Las Animas, Colorado. Plaintiff has filed *pro se* a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 that asserts Defendants obstructed him from submitting testimony to the Larimer County Grand Jury. Plaintiff further claims that Defendants' acts, or inaction, violate his First Amendment right to access the courts and his equal protection rights. As relief, Plaintiff seeks declaratory judgment and injunctive relief. Plaintiff also has paid the $400 filing fee.

    The Court must construe the Complaint liberally because Plaintiff is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor

syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for a *pro se* litigant. *See id.*

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint when a prisoner is seeking redress from officers or employees of a governmental entity and dismiss the Complaint, or any portion of the Complaint, that is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For the reasons discussed below, the Court will dismiss the Amended Complaint as legally frivolous.

Plaintiff bases his First Amendment and equal protection claims on Defendants' alleged failure to comply with Colo. Rev. Stat. § 16-5-204(4)(l). Section 16-5-204(4)(l) provides any person may approach a grand jury to

> testify or retestify in an inquiry before a grand jury or to appear before a grand jury. The prosecuting attorney or the grand jury shall keep a record of all denials of such requests to that prosecuting attorney or grand jury, including the reasons for not allowing such person to testify or appear. If the person making such request is dissatisfied with the decision of the prosecuting attorney or the grand jury, such person may petition the court for hearing on the denial by the prosecuting attorney or the grand jury. If the court grants the hearing, then the court may permit the person to testify or appear before the grand jury, if the court finds that such testimony or appearance would serve the interests of justice.

In the Cause of Action section of the Complaint form, Plaintiff does not state why he seeks to testify or provide evidence to the Larimer County Grand Jury. A review of Plaintiff's exhibits, however, provides some insight into what Plaintiff is attempting to challenge. In Exhibit A, Am. Compl., ECF No. 7, at 15, Plaintiff provides the motion he submitted to the "Larimer County Statutory Grand Jury" seeking leave to appear before

the grand jury and testify about criminal activity not yet under investigation.  The motion appears to allege that during Plaintiff's September 13, 2001 providency hearing in Colorado Criminal Case No. 2001CR00465, he lied when he averred to the judge that prior to the hearing his attorney had provided to and reviewed with him the plea agreement.  *Id.* at 18.  Plaintiff asks that the grand jury investigate the alleged perjury that was committed during the providency hearing.  *Id.* at 16.  Plaintiff contends that there is always a grand jury available under Colorado Revised Statute 16, Article 5, Part 2 to hear his evidence and conduct an investigation.

Plaintiff originally was charged in Colorado Case No. 2001CR0465 with one count of first degree murder and one count of felony menacing for the April 1, 2001 fatal shooting of Marc Bender.  *See Pecci v. Figueroa, et al.*, No. 08-cv-01235-ZLW, ECF No. 51 at 1 (D. Colo. Sept. 28, 2010).  Pursuant to a plea agreement, Plaintiff pled guilty on September 13, 2001, to an amended count of second degree murder, a class two felony, in exchange for the state's dismissal of the first degree murder and felony menacing charges.  *Id.* at 1-2.  In claim two of the 28 U.S.C. § 2254 application that Plaintiff filed in Case No. 08-cv-01235-ZLW, Plaintiff asserted his defense counsel was ineffective because he falsely claimed to have counseled him regarding the terms of the plea agreement.  This claim was dismissed as unexhausted.  *See id.* at ECF No. 15.  This is the same issue Plaintiff is asking that the Larimer County Grand Jury review.

"The duty of the grand jury" [is] . . . to determine, based on the evidence presented before it, whether or not there is probable cause for finding indictments and to determine the violations to be included in any such indictments."  Colo. Rev. Stat. § 16-5-204(3)(e).  A grand jury sits only to examine the foundation of the charge made by the prosecution.  United States v. Williams, 504 U.S. 36, 51 (1992) (citations

omitted). Plaintiff concedes there is no charge by the prosecution before the Larimer County Grand Jury at this time regarding the alleged perjury issue; and Plaintiff does not have the authority to charge a grand jury with finding an indictment. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ( A private individual has no authority to initiate a criminal action.)

The right of access to the courts extends only as far as protecting an inmate's ability to prepare initial pleadings in a civil rights action regarding his current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). An inmate must satisfy the standing requirement of "actual injury" by showing that the denial of legal resources hindered his efforts to pursue a nonfrivolous claim. *Casey*, 518 U.S. at 349-353.

In *Casey*, the Supreme Court cites two examples of when an inmate's efforts to pursue a legal claim may be hindered. First, an inmate's efforts may be hindered when a complaint prepared by an inmate is dismissed for failure to satisfy a technical requirement due to deficiencies in a prison's legal assistance facilities. *Casey*, 518 U.S. at 351. Another example of hindering an inmate's efforts would be when an inmate is so stymied by inadequacies of the law library that he is unable to file a complaint. *Id.* Neither of the examples set forth in *Casey* are at issue in this case.

Furthermore, even if a grand jury had been impaneled to address the perjury claim, "a grand jury proceeding is not an adversary hearing in which the guilt or innocence of an accused is adjudicated." *See United States v. Calandra*, 414 U.S. 338, 343 (1974). "During a grand jury proceed there is no right . . . of introducing evidence to rebut the prosecutor's presentation." *United States v. Y. Hata & Co., Ltd.*, 535 F.2d

4

508, 512, *cert denied*, 429 U.S. 828, 97 S. Ct. 87 (1976) (citation omitted). An accused has no right to be called as a witness before the grand jury that is considering his indictment. *See United States v. Salsedo*, 607 F.2d 318, 319 (9th Cir. 1979) (citing *United States v. Donahey*, 529 F.2d 831, 832 (5th Cir.), *cert. denied*, 429 U.S. 828, 97 S. Ct. 85 (1976)).

Finally, a "grand jury's function is independent from the Judicial Branch." *Williams*, 504 U.S. at 48. A "grand jury requires no authorization from its constituting court to initiate an investigation . . . , nor does a prosecutor require leave of court to seek a grand jury indictment." *Id.* (citation omitted). "The court may not dictate or inquire into the areas which are being investigated by the grand jury." *Losavio v. Kikel*, 529 P.2d 306, 310 (Colo. 1974). The "criminal justice system in Colorado is not geared to the use of the grand jury in every criminal case. The district attorney should utilize the information as the charging document in the ordinary case." *Id.* at 308. A court has limited power over grand jury procedural rules. *Id.* at 50 (citing *United States v. Chanen*, 545 F.2d 1306, 1313 (9th Cir.), *cert. denied*, 434 U.S. 825 (1977) (A court may not exercise supervisory power in a way that encroaches on the prerogatives of the grand jury and the prosecution).

The Court, therefore, finds no basis for Plaintiff's denial of court access claim. Plaintiff has no authority to impanel a grand jury to investigate his perjury claim; and even if the perjury claim were at issue before an impaneled grand jury he has no right to appear or submit testimony to the grand jury for consideration. Plaintiff has been able to submit a request to the state courts regarding his desire to present testimony to a grand jury. Pursuant to § 16-5-204(4)(I), Defendants have discretion to act on Plaintiff's request and in accordance with state and federal law very limited review of grand jury

proceedings in Colorado.  Their decision not to act does not result in a denial of access to the courts.  The claim, therefore, is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Plaintiff's equal protection claim also is legally frivolous.  Plaintiff contends that Defendants are discriminating against him because he is an inmate and against "the entire class of citizens who pursue the right of voluntary ad testificandum." ECF No. 9 at 9.  The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws," U.S. Const. amend. XIV, § 1.  The Equal Protection Clause provides that all similarly situated persons should be treated alike by state actors.  *See City of Cleburne v. Cleburne Living Center,* 473 U.S. 432, 439 (1985).

When considering an equal protection claim, the Court applies a rational basis test if "the challenged government action does not implicate either a fundamental right or a protected [or suspect] class." *Price-Cornelison v. Brooks,* 524 F.3d 1103, 1109-10 (10th Cir. 2008) (suspect classification such as race or national original).  To prevail on an equal protection claim, a plaintiff must show that the government has treated him differently than others who are similarly situated.  *See Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996).

Plaintiff does not assert a fundamental right or differential treatment based on a protected or suspect classification, nor does he claim that the government has treated him differently than other similarly situated individuals, which in this case are prisoners or free citizens who pursue the right of voluntary ad testificandum.  The equal protection claim, therefore, is legally frivolous and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The Court, therefore, will dismiss this action as legally frivolous, for the reasons stated above.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915A(b)(1). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that Defendants' Motion for Extension of Time to File Answer or Responsive Pleading, ECF No. 11, is denied as moot.

DATED at Denver, Colorado, this  23rd  day of   October  , 2014.

BY THE COURT:

  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court